■ ROBERT J. WARD, Respondent, v ARCADE BUILDING MAIN-
TENANCE, INC., Appellant. [608 NYS2d 811] —Order, Supreme
Court, New York County (Robert Lippmann, J.), entered Janu-
ary 12, 1993, which, in an action by plaintiff employee to
enjoin defendant employer from enforcing a restrictive cove-
nant, denied as premature defendant's motion for a protective
order setting forth a procedure for identifying and maintain-
ing confidential business information, unanimously modified,
on the law, the facts and in the exercise of discretion, to grant
defendant leave to renew upon submissions specifying the
documents to be protected or the contents thereof, and ex-
plaining why such documents are confidential or proprietary
information in need of protection, how such are relevant and
material to the discovery process, and why the protections
already in place are inadequate, and otherwise affirmed, with-
out costs.

As a result of prior proceedings, plaintiff already is effec-
tively prohibited from disclosing information of a confidential
or a proprietary nature (191 AD2d 368). Defendant now seeks
an order protecting any category of information revealed
during disclosure that it designates as confidential, no effort
being made to specify the information in need of protection
and why it will be necessary to disclose such to plaintiff in the
course of disclosure, and indeed, as yet, plaintiff has not even
served any discovery demands. The proper course is for defen-
dant to seek a protective order prior to a scheduled deposition
or in response to a discovery demand (see, CPLR 3122). In
short, it was not an abuse of discretion for the IAS Court to
deny the relief requested as premature, albeit leave to renew
should have been granted, and we hereby modify specifically
to provide for leave to renew in accordance with the above.
Concur—Carro, J. P., Rosenberger, Ellerin and Kupferman,
JJ.